NILDA PINTO WIDOW OF GIOL, Plaintiff and Appellant, *v.* WILLIAM GIOL GARCÍA, Defendant and Appellee.

No. R-68-328. Decided December 31, 1969.

222

*Enrique Igaravidez* for appellant. *Rieckehoff, Calderón, Vargas & Arroyo* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellee, the sole heir of José Miguel Giol, and appellant, the latter's widow, not being able to come to an agreement as to the liquidation of the conjugal partnership and the partition of the properties of said predecessor, the widow filed in the trial court, on June 10, 1964, a complaint against appellee in which she requested the trial court to (1) order the liquidation of the community property; (2) fix the amount of the hereditary estate; (3) perform the distribution of the same; and (4) issue the other corresponding pronouncements. She requested the appointment of an administrator of all the properties for the purpose of protecting appellant's interests. In his answer, appellee accepted the allegations of the complaint except that of the appointment of an administrator, alleging to the contrary that the corporate businesses are being effectively managed without danger of

dilapidation or concealment and that the hereditary estate has not been liquidated "solely and exclusively on account of appellant's contumacious attitude since she has rejected the different offers and alternatives offered to her."

At appellee's request, the court appointed Mr. Alfonso Miranda Cárdenas, whose name was suggested by appellant, as Commissioner in Partition "being also invested with all the powers and authorities of a Special Master under Rule 41 of the Rules of Civil Procedure entrusting expressly on him, also, the power to protect the property involved in the litigation" and that "Said Master will act first to determine the litigious questions in this case, he shall render his report about them, and finally he shall act as Partitioner for all legal purposes." In said order, the trial court announced that it would fix said Master and Partitioner's fees and that "it would charge said costs to the party which the court would determine."

The parties filed on April 29, 1965 a stipulation in which they recited the inventory of all the properties of the conjugal partnership constituted by José Miguel Giol and appellant. After numerous and lengthy hearings, the Special Master and Partitioner rendered his reports on May 19, 1967. He determined that (1) the value of the estate, consisting mostly of 369 shares of The Granchel Medicine Co. Inc., and lot and building amounted to $393,408.82; (2) he adjudicated (a) the shares plus other sums to appellee; and (b) the real properties which he did not describe for registration ends, plus other sums, to appellant and recommended that appellee is bound to pay in cash to appellant the usufructuary quota of the latter, which in his judgment amounts to $31,418.04 plus the sum of $2,642.80 received in excess by appellee. Said officer determined that on the ground of the allegations of the complaint and the parties' answer he could not determine that any controversy existed between the parties.

The objections of the parties to said report having been considered, the trial court concluded that:

". . . in accordance with what is stated in the first paragraph of the Special Master's recommendations, that it does not reasonably appear that a real controversy between the parties exists in the instant case, and the plaintiff is wrong in her objections in the sense that the Special Master has not decided the questions between the parties, since all the questions which said Master had for consideration are included in his report."

It approved the Partitioner's report, except that:

"In determining the liquidation of the surviving spouse's usufructuary quota it is not correct to grant plaintiff the total amount of the usufruct of $31,418.04. In making the liquidation of the usufruct the legal formula expressed by our Supreme Court should be applied taking into consideration plaintiff's life expectancy.

"As to the reasonable value of the use by plaintiff [appellant herein] of a property subject to partition half of the value of said usufruct [sic] should be credited only to defendant and nothing should be credited to plaintiff. In other words, it having been established that the reasonable value of said occupation is the sum of $10,083.33 it is proper to credit to defendant the sum of $5,041.66 and nothing to plaintiff."[1]

It fixed the Special Master and Partitioner's fees at $4,000. In its judgment it ordered that by a deed executed before notary public Mr. Mariano Canales to proceed and make the partition of the properties in agreement with the distribution of the properties to each party which was related in the judgment and that the surviving spouse's usufructuary quota could be liquidated and satisfied by appellee through the pay-

---

[1] It should be made clear that half of the reasonable value of the use by appellant of the real property subject to partition, that is, the sum of $5,041.66, which was credited to appellee, is part of the estate subject to partition, and also, it should be added to said amount for the purpose of determining the capital subject to the surviving spouse's usufructuary quota as well as the other amounts assigned to Giol García in the partition.

ment of the amount which results after the computation performed in accordance with the formula accepted by the Supreme Court taking into account the longevity tables and Mrs. Pinto's life expectancy. It added that ". . . in the instant case no controversy should have existed between the parties and all the hearings provoked by plaintiff were unnecessary since no improper action of any kind on defendant's part was established in prejudice of plaintiff's rights. Therefore, the costs of all the proceedings are imposed on plaintiff, as well as the payment of the Special Master and Commissioner in Partition's fees."

On May 23, 1968 appellee filed a motion in which he alleged that appellant had made withdrawals and had taken advance payments from the corporation The Granchel Medicine Co. Inc., for which reason she owes him $56,788 which should be taken into consideration in the deed of partition. Hearings on this question having been held before the Special Master, said officer concluded that "plaintiff [appellant herein] owes said corporation, The Granchel Medicine Co. Inc., the sum of $56,305.07 and this should be taken into consideration in the deed of partition." Appellee filed objections to this report. The trial court then proceeded, on November 18, 1968, to amend its judgment determining that appellant owed said corporation the sum of $55,955.07 which should be taken into consideration in the deed of partition.

In support of her appeal appellant alleges that:

1.—"That the Superior Court erred in determining that no controversy ever existed between the parties, it erred in not settling such controversies and it erred in imposing on plaintiff costs and expenses, and the fees of the Commissioner in Partition and Special Master in this litigation."

In synthesis, appellant argues that it was not proper to impose upon her the payment of the Special Master and Commissioner in Partition's fees because pursuant to § 1017 of the Civil Code the costs of the division made for the common

interests of all the coheirs shall be deducted from the estate (31 L.P.R.A. § 2883).[2]

Appellant maintains that the evidence establishes that there was controversy between the parties because appellant was eliminated from continuing participating in the management of the business and operations of The Granchel Medicine Co. Inc., that share dividends were declared, that some shares were substituted by others, new certifications were issued to the parties, litigants herein, and the right of appellant to sign checks of said corporation was restricted.

She is partly correct. The trial court appointed Mr. Miranda Cárdenas in a dual capacity, that is, as Special Master "to determine the litigious questions in this case" and as Commissioner in Partition. In his capacity as Special Master he held several and extensive hearings in which the testimony of the parties and other witnesses was presented and documentary evidence was offered. Through a careful examination of the record of such hearings we have verified, as the Master indicates, that appellant did not present any evidence of improper action of any kind on appellee's part which would prejudice appellant's rights. The parties stipulated the inventory of the properties object of the partition. The evidence showed that the shares of The Granchel Medicine Co. Inc., rose in value from some $190 in 1958 to $456 in 1964, and up to $529 in 1967, according to its value in the Commissioner in Partition's report. The report itself of the Public Accountant hired by appellant to examine the accounting records and the issue of shares of said corporation does not reveal any irregularity or action which would affect appellant's rights and interests in said firm.

---

[2] Section 1017 of the Civil Code provides that:

"The costs of the division, made for the common interests of all the coheirs, shall be deducted from the estate; those made for the particular interest of one of them, shall be defrayed by the same."

It is apparent that appellant was obstinate in prolonging the hearings and the final disposition of this case unnecessarily by actions which seemed rather "fishing expeditions," that is, to say, the search of some fraud, possible embezzlements or undue disposition of funds or other actions prejudicial to her interests which she was not able to find notwithstanding the astounding efforts performed to that effect.

 We conclude, therefore, that pursuant to the provisions of Rule 41.1 of the Rules of Civil Procedure, the trial court was justified in ordering appellant to pay Mr. Miranda Cárdenas the fees for the work which he performed in his capacity as Special Master and the costs of the proceedings related with his function as such. However, the fees for services as Commissioner in Partition as well as the costs occasioned in the procedures of his function as such should be deducted from the estate as § 1017 of the Civil Code provides. To these effects, the trial court should determine what part of the sum of $4,000 in fees corresponds to the function of Special Master and what part is attributable to the function of Commissioner in Partition.

2.—That the amended judgment of November 18, 1968 as well as the original one of October 2, 1967 do not comply with the mandatory provisions of § 604 of the Code of Civil Procedure (32 L.P.R.A. § 2625).

She is correct. Neither the Commissioner in Partition's reports nor the judgment of the trial court comply with the provisions of §§ 603 and 604 of the Code of Civil Procedure (32 L.P.R.A. §§ 2624 and 2625).[3]

---

[3] Sections 603 and 604 of the Code of Civil Procedure provide, in part, as follows:

Section 603.

"The Commissioner . . . shall submit a statement of the property subject to division, with the value of each item, and in his report, which must be subscribed by him, he shall point out the way and manner in which the property may be justly and equitably divided between those entitled to share in the inheritance or succession, and if in his opinion,

The Commissioner in Partition's report does not make an adequate description of the real property. It does not state the manner and way in which he determined the value of the properties. It does not indicate the origin of certain debts.

In said report the amount to be paid on account of appellant's usufructuary quota was not determined pursuant to the provisions of § 765 of the Civil Code (31 L.P.R.A. § 2415), it being necessary to determine the actual value of said usufruct in accordance with a formula which departs from the premise that the principal of the usufruct is $31,418.34 (on the assumption that this is the correct amount of said principal) as the trial court determined, and that this principal should produce an annual income at the rate of 6%, amounting to $1,885.10.[4] Then it is fitting to calculate the actual value of that income as we did it in *Widow of Seraballs v. Abella Hernández*, 90 P.R.R. 360, 362 (1964) to determine the actual money to be paid on account of said appellant's usufructuary quota.[5]

___

such division cannot be made without sale, he shall include that fact in his report and recommend a judicial sale for the purpose of distribution of the proceeds. . . . If, during eight days, after notice of the filing of the report, no objections to the report are filed, the judge of the Superior Court shall approve it and make an order for partition, division, or distribution in accordance therewith."
Section 604.

"When the partition has been definitely approved, each of the interested parties shall be entitled to a certified copy of the final order of partition, which shall contain all of the requisites necessary for inscription in the registry of property; such documents declaring titles that may be recorded. When the final order is made, the heirs shall be placed in possession of the shares which have been respectively allotted to them; . . . . The Superior Court shall approve such partition, making therein such legal modifications as the court may deem advisable; against such modifications as the court may make in said partition, any or all of the interested parties not in conformity therewith may take an appeal to the Supreme Court, . . . ."

[4] In view of the explanation which we made in the foregoing footnote 1, the principal of the usufruct may vary.

[5] In 3 Am. Jur. Proof of Facts—Appendix—a table showing the value of one dollar per year (payable at the end of each year) during a specific number of years which is the table to be used.

The alleged debt of $55,955.07 of appellant, in favor of The Granchel Medicine Co. Inc., is not a part of the assets of the community partnership in question nor of the properties subject to partition. Of course, the conclusion of the partitional process object of this cause will not affect in any manner the legitimacy, validity, amount, maturity, and collection of said credit.

The judgment of the trial court obviously does not contain "all the requisites necessary for inscription of real property in the registry of property" so that the certified copy of the final order of partition constitutes a recordable document of titles as provided in § 604 of the Code of Civil Procedure, *supra*. The partition performed in this manner renders, therefore, the subsequent execution of the deed of partition unnecessary.[6]

In view of the foregoing, we need not consider the other assignments made by appellant.

By virtue thereof, the case should be remanded to the trial court to proceed in conformance with the foregoing determinations.

Mr. Chief Justice did not participate herein.

---

[6] In cases in which the order of partition does not contain the necessary registration information, said order may be supplemented for the purpose of its recording, and in connection with real property recorded or subject to recording in the name of the predecessor, by other authentic documents, pursuant to Arts. 21 of the Mortgage Law (30 L.P.R.A. § 46) and 87 of the Mortgage Regulations (30 L.P.R.A. § 945) and the decision in *Padres Mercedarios* v. *Registrar*, 66 P.R.R. 874, 877 (1947).